

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

This Opinion
Affirms Opinion

# V- 591

August 18, 1950

Hon. Woodrow Curtis
County Attorney
Frio County
Pearsall, Texas

Opinion No. V-1087.

Re: The legality of resi-
dents of Frio County
and of a county line
consolidated school
district voting for
county school trustees
and county superinten-
dent in Frio County.

Dear Sir:

We refer to your recent request which reads in part as follows:

"The Moore Independent School District
has been entirely in Frio County, Texas,
and it consisted of a part of, but not all
of Commissioners Precinct No. 3, of Frio
County, Texas, and such school district has
consolidated with the Yancey Independent
School District under the Rural High School
Consolidation Law. The Yancey Independent
School District is entirely in Medina Coun-
ty, and the Yancey Independent School Dis-
trict has the management and control of the
consolidated district hereinafter called
Yancey-Moore Consolidated School District.

"1. Do the people who reside in the
bounds of this Yancey-Moore Consolidated
School District, which lies in Frio County,
have a right to vote for county school trus-
tees in Frio County?

"2. As pointed out above the Yancey-
Moore Consolidated School District does not
embrace the entire bounds of Commissioners
Precinct No. 3, in Frio County, Texas, there-
fore would those people who are residents of
the Commissioners Precinct No. 3, but are not
residents of the Consolidated School District,
be entitled to elect the County School Trus-
tee from the said Precinct No. 3?

"3.   Will the people from the Yancey-
Moore Consolidated School District of which
the Yancey Independent School District has
the management and control of the consoli-
dated district, have a legal right to vote
for trustee at Large in Frio County?

"4.   Will the people who reside in the
Yancey-Moore Consolidated School District,
and who reside in that portion of Frio Coun-
ty being in such district, have a legal right
to vote for the County Superintendent of
Schools in Frio County?"

We believe your first and third questions are
answered by Attorney General's Opinion No. V-591. We
therefore agree with you that the people who reside in
the Yancey-Moore Consolidated School District and who
are residents of Frio County may not vote for county
school trustees or county school trustees at large of
Frio County. A copy of Attorney General's Opinion No.
V-591 is enclosed. The opinion rests on statutory pro-
visions having for their basis the premise that persons
are not eligible to vote for trustees who do not govern
their particular school district. Though part of the
district in question is in Frio County, it is under the
administration of the officials of Medina County.

Article 2676, V.C.S., provides in part:

"The general management and control of
the public free schools and high schools in
each county, unless otherwise provided by
law shall be vested in five (5) county school
trustees elected from the county, one of whom
shall be elected from the county at large by
the qualified voters of the common and con-
solidated independent school districts of the
county, and one from each Commissioners' Pre-
cinct by the qualified voters of each Commis-
sioners' Precinct, . . ."

In view of the above quoted statute it is our
opinion that the residents of Commissioners' Precinct No.
3 of Frio County who do not reside in the Yancey-Moore
Consolidated School District and who are otherwise quali-
fied voters, may vote for a county school trustee from
Precinct No. 3 as well as for the county trustee at large
for such county.

Hon. Woodrow Curtis, page 3  (V-1087)


        Section 1 of Article VI of the Constitution of
Texas provides that certain classes of persons are dis-
qualified to vote in Texas.  Section 2 of this Article
provides in part:

        "Every person subject to none of the
    foregoing disqualifications, who shall have
    attained the age of twenty-one years and who
    shall be a citizen of the United States and
    who shall have resided in this State one year
    next preceding an election and the last six
    months within the district or county in which
    such person offers to vote, shall be deemed
    a qualified elector; . . ."

        Articles 2954 and 2955 of Vernon's Civil Stat-
utes contain similar provisions.

        Article 2688, V.C.S., provides:

        "The Commissioners Court of every coun-
    ty having three thousand (3,000) scholastic
    population or more as shown by the preceding
    scholastic census, shall at a General Elec-
    tion provide for the election of a County
    Superintendent to serve for a term of four
    (4) years, who shall be a person of educa-
    tional attainments, good moral character,
    and executive ability, and who shall be pro-
    vided by the Commissioners Court with an of-
    fice in the courthouse, and with necessary
    office furniture and fixtures.  He shall be
    the holder of a teacher's first grade cer-
    tificate or teacher's permanent certificate.
    In every county that shall attain three thou-
    sand (3,000) scholastic population or more,
    the Commissioners Court shall appoint such
    superintendent who shall perform the duties
    of such office until the election and quali-
    fication of his successor.  In all counties
    now or hereafter having the office of County
    Superintendent where the scholastic popula-
    tion according to the last scholastic cen-
    sus is less than three thousand (3,000) but
    more than two thousand (2,000) the office of
    County Superintendent shall continue unless
    and until a majority of the qualified proper-
    ty tax paying voters of said county, voting
    at an election held to determine whether said

office shall be abolished, shall vote to abol-
ish said office, which election shall be or-
dered by the Commissioners Court upon petition
therefor as hereinafter specified.  Provided,
however, that if a majority of said voters
voting at said election hereinabove provided
for, vote to abolish said office said elec-
tion shall not become effective until the
expiration of the term of office for which
the County Superintendent has been elected
or appointed.  And in all other counties hav-
ing less than three thousand (3,000) scholas-
tic population whenever more than twenty-five
(25) per cent of the qualified voters of said
county as shown by the vote for Governor at
the preceding General Election shall petition
the Commissioners Court therefor, said Court
shall order an election for said county to de-
termine whether or not the office of County
Superintendent shall be created in said county;
and, if a majority of the qualified property
taxpaying voters voting at said election shall
vote for the creation of the office of County
Superintendent in said county, the Commission-
ers Court, at its next regular term after the
holding of said election, shall create the of-
fice of County Superintendent, and name a Coun-
ty Superintendent who shall qualify under this
Chapter, and hold such office until the next
General Election. . . .#

In Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d
625 (1948) it is stated:

"The right to vote is so fundamental in
our form of government that it should be as
zealously safeguarded as are our natural
rights.  It has been said that 'laws abridg-
ing the natural right of the citizen should
be restrained by rigorous constructions with-
in their narrowest limits.'  It is sufficient,
however, that we apply here the less extreme
and well established rule of construction that
statutes regulating the right to vote should
be given a liberal interpretation in favor of
that right."

It is observed that Article 2688 does not except
any of the residents of the county from its provisions in

the instances where an election for a county superinten-
dent is authorized.  On the contrary, we believe it con-
templates that all of the residents of the county who are
otherwise qualified voters may vote in the election for
the County School Superintendent.  Therefore, it is our
opinion that the residents of Frio County, who reside in
the Yancey-Moore Consolidated School District and who are
otherwise qualified voters are legally entitled to vote
for the Superintendent of Public Schools of such county.
Art. 2688, V.C.S.; Thomas v. Groebl, supra.

## SUMMARY

The residents of Precinct No. 3 of Frio
County who do not reside in the Yancey-Moore
Consolidated School District, and who are
otherwise qualified voters, may vote for a
county school trustee from Precinct No.3 as
well as for the county school trustee at
large for such county.  Art. 2676, V.C.S.

The residents of Frio County who reside
in the Yancey-Moore Consolidated School Dis-
trict and who are otherwise qualified voters
are legally entitled to vote for the Super-
intendent of Public Schools of such county.
Art.2688, V.C.S.; Thomas v. Groebl, 147 Tex.
70, 212 S.W.2d 625 (1948).  Opinion No. V-
591 affirmed.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
First Assistant

By  Bruce Allen
Bruce Allen
Assistant

BA:mw
Encl.